IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J.H., A MINOR BY NORMA HALVER, HER MOTHER AND NEXT FRIEND, et al., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 16 C 302 ) |
| PFIZER INC., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion to remand. For the reasons stated below, the motion to remand is granted.

**BACKGROUND**

Plaintiffs include women (Mothers) who were allegedly prescribed Zoloft, or its generic equivalent sertraline hydrochloride (Drug), while pregnant. As a result of taking the medication, the Mothers' children were born with congenital abnormalities. The Mothers and their minor children brought the instant action in Illinois state court against Defendants who allegedly designed, manufactured and distributed the Drug. On January 11, 2016, Defendants removed the instant action to

1

federal court. Plaintiffs now move to remand the action back to state court.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* When an action is removed to federal court and a defendant invokes federal subject matter jurisdiction, the defendant bears the burden of showing that the federal court has subject matter jurisdiction. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012)(stating that "[t]he party invoking federal jurisdiction bears the burden of demonstrating its existence").

**DISCUSSION**

Defendants contend in the notice of removal that this court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Not. 1, Par. 6).

I. Reliance on Proposed Second Amended Complaint

Defendants assert in the notice of removal that they removed the case based

upon the allegations and parties listed in Plaintiffs' second amended complaint. However, Plaintiffs have shown that while they filed a motion in state court for leave to file a proposed second amended complaint, Defendants removed the instant action before the state court ever had an opportunity to rule on the motion. It is true that an amended complaint supersedes the prior pleading. *See Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014)(stating that "[w]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . [b]ecause a plaintiff's new complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses")(internal quotations omitted)(quoting *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999)). However, Plaintiffs are correct that until the state court actually grants Plaintiffs leave to file the proposed second amended complaint, the first amended complaint remains in effect in this case. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998)(stating that "[u]ntil the state judge granted the motion to amend, there was no basis for removal" and "[u]ntil then, the" original complaint controlled the claims in that action). Thus, there is no second amended pleading in this case. Defendants also devote arguments as to whether an amended pleading relates back to a prior pleading, but as explained above, there is no second amended pleading in this case. Nor is there any ambiguity in the law that would have justified Defendants' premature removal.

      Defendants argue that as soon as the motion for leave to amend was filed with

the proposed second amended complaint, the proposed second amended complaint should have become effective. Such an argument lacks any merit. If the state court denied the motion for leave to amend, it makes little sense that the proposed amended complaint temporarily superseded the prior pleading and was the controlling pleading in this case while the state court pondered whether to allow Plaintiffs to file the pleading. Until leave is granted to file an amended complaint, that pleading has no legal effect. Defendants have not shown that any prejudice to them would have resulted if they were required to wait for the state court to rule on the motion for leave to amend. Nor does rushing to federal court based on potential pleadings promote the efficient administration of justice or judicial economy. Defendants' removal was thus premature and defective on its face by relying upon a proposed second amended complaint that at this juncture does not delineate any of the parties or claims in the instant action.

II. Untimely Removal

In addition, although Defendants did not wait until the state court had an opportunity to rule on the motion for leave to file a second amended complaint, Defendants did wait over three years before deciding to seek to remove the instant action to federal court. Pursuant to 28 U.S.C. § 1446(c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from

4

removing the action." *Id.* The instant action was initiated in state court on September 13, 2012. Yet Defendants chose not to seek to remove the instant action until January 11, 2016. Defendants contend that the proposed second amended complaint restarted the limitations period. However, as explained above there is no second amended complaint in this case. Defendants removed the instant action before the state court had an opportunity to grant or decline to grant leave to file a second amended complaint. There was no new pleading that restarted the limitations period. The removal was thus untimely.

III. Lack of Diversity

Plaintiffs also point out that even if Defendants were allowed to remove the instant action based upon the proposed second amended complaint, the parties in that proposed second complaint are not of diverse citizenship. Although Defendants contend that there is diversity of citizenship, Plaintiff C.M. and Defendant H.D. Smith Wholesale Drug Co. (H.D. Smith) are both citizens of Illinois. Defendants argue that H.D. Smith was fraudulently joined as a defendant and should be disregarded. The defendant that removes the action to federal court "bears the burden of proving the propriety of removal," and "doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). The Seventh Circuit has stated that "[f]raudulent joinder is difficult to establish." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). In order to establish that a defendant was fraudulently

5

joined, the defendant must show "that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.* (stating "[a] defendant faces a heavy burden to demonstrate that the joinder is fraudulent").

Plaintiffs first alleged in their original complaint that H.D. Smith is the fourth largest pharmaceutical wholesaler in the United States and that H.D. Smith is a wholesaler and distributor for Defendant Pfizer, Inc. (Compl. Par. 26). Plaintiffs further allege that H.D. Smith marketed, distributed and sold the Drug to the Mothers. (Compl. Par. 25). Although Defendants provide a variety of arguments as to why they believe that H.D. Smith should prevail on the claims brought against it, Defendants have not met the high burden of establishing that Plaintiffs fraudulently joined H.D. Smith as a Defendant in this action. Defendants seek to contest Plaintiffs' allegations, disputing whether H.D. Smith distributed the Drug to Plaintiffs. (Ds Resp. 8). However, the allegations in Plaintiffs' complaint must be accepted as true at this juncture. Defendants have not shown that Plaintiffs have presented any allegations that would be factually frivolous. Nor have Defendants met their burden to show that Plaintiffs acted in bad faith in seeking to join any new Plaintiffs in this action. Thus, even if the court proceeded based on Plaintiffs' proposed second amended complaint, this court would lack diversity subject matter jurisdiction. Based on the above, Plaintiffs' motion to remand is granted.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion to remand is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 30, 2016